**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA       :
                               :       Case No. 5:21-cr-369-JDW
        v.                     :
                               :
AMMAR JALI                     :

**<u>MEMORANDUM</u>**

Courts are public forums, and what happens there is open to public scrutiny. By letting the public see the proceedings that happen in court, we preserve public confidence in the legal system. As a judge who presides over legal proceedings, I must also accept scrutiny of, and criticism of, my decisions. But for observers to understand and analyze my decisions, they need the context, including the information that led me to make my decision. That's why the Third Circuit recognizes a particularly robust common law right of public access to judicial documents. *See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019).[1]

The public's need for access to judicial documents is particularly acute when it comes to sentencing proceedings. A judge will decide whether someone maintains his liberty, or whether the state will take it away. There's no more significant decision that a district judge can make. District judges have "broad latitude" in sentencing. *United States*

---

[1] "A 'judicial record' is a document that 'has been filed with the court … or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *Id.* (quotation omitted).

*v. Levinson*, 548 F.3d 190, 195 (3d Cir. 2008). The Third Circuit has reiterated the breadth of discretion that a district judge's sentencing decision receives. *See generally United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009) (*en banc*).

Most sentencing decisions are not legal analyses. They are factual and equitable decisions by a district judge who hears both evidence and emotional appeals. And while a judge will articulate his reasoning, that won't necessarily cover everything that influences the judge's thinking. For the public to understand and assess the judge's exercise of his discretion, it needs to know all of the factual and emotional appeals that the defendant makes to the judge.

To overcome the strong presumption of access that attaches to judicial records, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d at 672 (emphasis added). A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted). The Court "must 'conduct[ ] a document-by-document review'" to determine whether sealing is warranted. *Id.* (same).

Ammar Jali asks me to seal his entire sentencing presentation: a memorandum; a mitigation report; and character letters. But where a defendant chooses to introduce

medical and other personal information in an effort to persuade a judge to exercise discretion to impose a lower sentence, he gives up the privacy interests that might attach to that material. *See United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2009); *United States v. Cannon*, No. 3:14-cr-00087-FDW, 2015 WL 3751781, * 4 (W.D.N.C. June 16, 2015). Particularly here, where Mr. Jali asks me to vary from the Sentencing Guidelines and exercise my discretion to impose a non-custodial sentence, the public's interest in understanding that evidence outweighs any lingering privacy interest that Mr. Jali might have after putting that material at issue. I will therefore deny his Motion and Order the Clerk of Court to unseal his submissions.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.